RICHARD MAC BRIDE, SB# 199695
LAW OFFICES OF RICHARD A. MAC BRIDE
855 Marina Bay Parkway, Suite 210
RICHMOND, CA 94804
Phone 415-730-6289
Fax 510-439-2786
Attorney for Plaintiff Oscar Ramos

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oscar Ramos, | ) Case Number _____ |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL RIGHTS |
| Vs. | ) |
| | ) COMPLAINT FOR INJUNCTIVE RELIEF |
| E-Saan Thai House, Inc.; Sutisa Petprasert; | ) AND DAMAGES: DENIAL OF CIVIL |
| and Does 1 to 50 inclusive, | ) RIGHTS OF A DISABLED PERSON, IN |
| | ) VIOLATION OF THE AMERICANS WITH |
| Defendants. | ) DISABILITIES ACT OF 1990 AS |
| | ) AMENDED, AND VIOLATION OF |
| | ) CALIFORNIA'S CIVIL RIGHTS |
| | ) STATUTES |
| | ) |
| | ) JURY TRIAL REQUESTED |

Plaintiff herein complains of defendants herein, and alleges as follows:

JURISDICTION AND VENUE

1.  This court has jurisdiction over this matter and these defendants pursuant to 28 USC § 1331
    for violations of the Americans with Disabilities Act of 1990 (42 USC §12101 et seq.).
    Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
    facts, action is also bought under California law, including, but not limited to, violations of
    California Government Code §4450; California Health and Safety Code §19953 et seq., and
    applicable regulations, including but not limited to California Code of Regulations, Title 24,
    §19959; and California Civil Code §§ 51, 51.5, 52(a), 52.1, 54, 54.1, and 54.3. Defendant E-

Saan Thai House, Inc. owns and operates a business called "E-Saan Thai House" at 18629 Sonoma Highway, Sonoma, California in this judicial district. Defendant Sutisa Petprasert own the real property on which this business is operated in this judicial district.

2. Venue is proper in this court pursuant to 28 USC §1391(b) and is founded on the fact that the real property that is the subject of this action is located in this district, and that plaintiff's cause of action arose in this district.

<u>INTRODUCTION</u>

3. E-Saan Thai House (the "Business") is located at 18629 Sonoma Highway, Sonoma, California. Said business is owned and operated by defendant E-Saan Thai House, Inc. The real property is owned by Sutisa Petprasert. The Business is a "public accommodation and business establishment" subject to California Health and Safety Code §19953 et seq. and California Civil Code §54 et seq. On information and belief, this Business has, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting such facility to disabled access requirements per Health and Safety Code §19953 to 19959 et seq. Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's Title 24, the State Building Code. Further, irrespective of alternation history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990.

4. Defendant E-Saan Thai House, Inc. operate the Business, an establishment for services to the public at which business and location said defendants failed to provide barrier-free access to said establishment as required under federal and California state law. Further, defendants failed to provide compliance with the law as follows:

   a. <u>Exterior</u>: The designated parking space was defective, as follows. These conditions violated the Americans With Disabilities Act ("ADA"), United States Access Board ADA Accessibility Guidelines ("ADAAG"). ADAAG §4.6.3 (1991 standards) (the improper parking space dimensions), and §4.6.6 and §4.1.2(5)(b) (1991 standards) (the lack of properly painted passenger access aisle that is 96 inches wide and a properly painted parking space that is 18 feet long), and similarly, in violation of ADAAG §502.3 (2010 standards). There was no proper designated disabled-accessible parking

space on the shortest accessible route to the main entrance, including that there was no "van accessible" space on such route, in violation of ADAAG 4.6.2 (1991) (requiring shortest route), 4.1.2(b) (1991) (one in eight, but no less than one, must be "van accessible" as per ADAAG 4.6.4); also under ADAS §208, §208.3.1; §502 (requirement for parking space), and §502.3 (requirement for access aisle)(2010 standards). There was no proper signage for a parking space, in violation of ADAAG 4.6.4 (1991 standards) and ADAAG 502.6 (2010 standards). These conditions also violated ADAAG 4.6.4 (1991 standards) and also violated 502.6 and 703.2.1 (2010 standards)(lack of proper signage, and no parking space designated "van accessible"). These conditions were also in violation of California Building Code ("CBC") 11B 208.3.1 (parking space not on shortest accessible route); §11B-208 (insufficient or no paint to delineate the space itself or an access aisle), 11B-705.1.2.5 (lack of detectable warnings at hazardous vehicle areas), 11B-502.2 (improper vehicle space dimensions, in that there was not a properly laid-out access aisle), 11B-502.6.4 (faded or non-existent surface identification), 11B-502.6 ("$250 fine" sign missing; no "van accessible" sign, and other required signage was missing); no space designated "van accessible" (CBC 11B-208.2.4 requires one in every six spaces); and 11B-502.3.3 ("no parking" was not painted in an access aisle). There was one defective space, with a no access aisle. There was no signage. These conditions caused plaintiff difficulties in finding a safe place to park, safely exit his vehicle, and reach the entrance safely due to cross traffic through the transit area. This caused plaintiff legitimate concern for his own safety as he got out of his vehicle and entered the facility. Also, because of the lack of a proper access aisle, plaintiff was concerned that another vehicle could pull in and try to park next to him without realizing that a disabled person was in the process of entering or exiting his vehicle.

5. The above barriers interfered with Plaintiff's access to the facilities at the Business, and continue to deter plaintiff from visiting said facilities, and as a legal result, plaintiff has suffered and suffers violations of his civil rights to full and equal enjoyment of goods, services, facilities and privileges, and has suffered and will suffer embarrassment and humiliation. Pursuant to Lopez v. Catalina Channel Express, Inc., 974 F.3d 1030 (9th Cir. 2020), plaintiff, in order to plausibly show that the cost of removing an architectural barrier

does not exceed the benefits under the particular circumstances, and by way of a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits, pleads the following: to remedy the parking space, paint an access aisle, and install complete and proper signage; these costs generally do not cost in excess of approximately one thousand dollars ($1,000), the benefits of which will accrue to countless disabled persons over a period of years in the future. These cost estimates are based on estimates given in similar ADA cases in which plaintiff has been involved, by plaintiff's expert, Roberto Cortez, California licensed civil engineer and CASp-certified. In normal circumstances, tax deductions and tax credits are available to defendants to do this kind of work. Each case is different, and these numbers are only estimates.

## FACTUAL ALLEGATIONS

6. Plaintiff is, and at all times relevant to this complaint is, a "physically handicapped person," a "physically disabled person," and a "person with a disability" as those terms are used under applicable California law and under applicable federal law, including, but not limited to, Title III of the Americans with Disabilities Act of 1990. (The terms "physically handicapped person," a "physically disabled person," and a "person with a disability" will be used interchangeably throughout this complaint.) Plaintiff has no legs due to a catastrophic accident that lead to the amputation of his legs up to the hip, and he uses a wheelchair.

7. Defendants E-Saan Thai House, Inc. and Sutisa Petprasert, at all times relevant herein, were and are the owners, operators, lessors, and/or lessees, franchisors and/or franchisees, of public facilities at the Business, known as E-Saan Thai House, located at 18629 Sonoma Highway, Sonoma, California, subject to California state law requiring full and equal access to public facilities pursuant to California Health and Safety Code §19953 et seq., California Civil Code §§ 51, 51.5, 52(a), 52.1, 54, 54.1, and 54.3, and subject to Title III of the Americans with Disabilities Act of 1990, and to all the other legal requirements referred to in this complaint. Plaintiff does not know the relative responsibilities of the defendants in the operation of the Business facilities complained of herein, and alleges a joint venture and common enterprise by all such defendants.

8.  Defendants E-Saan Thai House, Inc. and Sutisa Petprasert at all times relevant herein were and are the owners, operators, possessors, builders and keepers of the Business called E-Saan Thai House in the city of Sonoma, California. Plaintiff is informed and believes that each of the defendants herein is the agent, employee, or representative of each of the other defendants, and performed acts and omissions as stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in legally causing the damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

9.  Plaintiff does not know the true names and capacities of defendants Does 1 to 50, their business capacities, their ownership connection to the property and the business, nor their relative responsibilities or relationships among one another in causing the access violations herein complained of, and alleges a joint venture and common enterprise among all defendants. Plaintiff is informed and believes that each of the defendants herein is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants are ascertained.

10. Plaintiff is informed and believes that all named defendants, conspired to commit the acts described herein, or alternatively aided and abetted one another in the performance of the wrongful acts hereinafter complained of.

11. Defendants are the owners of the property and operators of the Business called E-Saan Thai House, Inc. located in the city of Sonoma, California. This business, including, but not limited to, access aisles and access routes, is or forms a part of a "public accommodation or facility" subject to the requirements of *California Health & Safety Code* §19953, et seq., and of *California Civil Code* §§51, 52(a), 54, 54.1, et seq. On information and belief, this business, or portions of it, was constructed or altered after 1990, and after January 26, 1993, which fact has

Complaint for damages and injunctive relief

subjected the business to handicapped access requirements per California Code of Regulations Title 24 (the State Building Code).

12. On or about January 26, 2024 (the "Visit Dates"), Plaintiff visited the Business for the purpose of buying food and drink. Defendants interfered with Plaintiff's access to the Business as set forth herein.

13. Said acts and omissions denied Plaintiff legal handicapped access to the Business and its facilities as required under state and federal law.

14. Plaintiff's home in Fairfield, California is approximately 30 miles from the Business located in the city of Sonoma. Plaintiff travels regularly to and through said city in this area on business and pleasure trips. Plaintiff plans to return to the Business when this public accommodation is made accessible.

15. Plaintiff himself encountered the architectural barriers described herein, and/or is informed and believes that the architectural barriers described herein violate the California Code of Regulations and the Americans with Disabilities Act Guidelines for Buildings and Facilities ("ADAAG") issued by the Department of Justice, and that they existed and continue to exist, and thereby deny Plaintiff and others similarly situated full and equal access to the Business facilities as set forth herein.

16. Defendants, and each of them, by these barriers, discriminated against Plaintiff, on the basis of his physical disability, and interfered with his access to the Business and its facilities, in violation of California law, including but not limited to §§51, 51.5, 54, 54.1, and in violation of Title III, §302, the "Prohibition against Discrimination" provision, and §503, the "Prohibition against Retaliation and Coercion" provision of the Americans with Disabilities Act of 1990.

17. As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide proper and accessible entryways, and accessible accommodations for a store, Plaintiff suffered and will suffer the loss of his civil rights to full and equal access to public facilities, and further has suffered in the past and will suffer in the future emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a disability being denied access to a public accommodation, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

Complaint for damages and injunctive relief

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.  FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (42 USC 12101 et seq.)

18. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 17 above and incorporates them herein as if separately pled.

19. Pursuant to law, in 1990 the United States congress made findings per 42 USC 12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect [at that time] 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

20. Congress stated as its purpose in passing the Americans With Disabilities Act of 1990 (42 USC 12102):

   a.  It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

21. As part of the Americans with Disabilities Act of 1990, Congress approved Title III – Public Accommodations and Services Operated by Private Entities (42 USC 12181, et seq.) Among

the public accommodations identified under this title were "… a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."

22. Pursuant to 42 USC 12182,

    a. "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations by any person who owns, leases, (or leases to), or operates a place of public accommodation."

23. Among the general prohibitions against discrimination were included in 42 USC 12182(b)(1)(A)(i):

    a. Denial of Participation. It shall be discriminatory to subject an individual on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

24. Among the general prohibitions against discrimination were included in 42 USC 12182(b)(1)(E):

    a. Association. It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

25. The acts of Defendants set forth herein were a violation of Plaintiff's rights under the ADA, and the regulations promulgated thereunder, 28 Code of Federal Regulations Part 36 et seq.

26. Among the general prohibits against discrimination were included in 42 USC 12182(b)(2)(A)(i) and (ii):

    a. Discrimination. For purposes of subsection (a), discrimination includes:

        i. the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

      ii.  a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

27. Plaintiff alleges that the facilities, policies, practices and procedure for entry to the Business facility by persons with disabilities and their companions as established and set up by the Defendants can be simply modified to eliminate disparate and discriminatory treatment of persons with disabilities by properly constructing barrier-free handicapped access so as to provide safe, full and equal enjoyment of the Business facilities as is enjoyed by other, non-disabled, people.

28. The specific prohibition against retaliation and coercion is included in the Americans with Disabilities Act of 1990 §503(b) and the Remedies and Procedures in §503(c):

    a.  Section 503(b) Interference, Coercion, or Intimidation. - It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

    b.  Section 503(c) Remedies and Procedure. - The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to Title I, Title II and Title Ill, respectively.

29. Among the specific prohibitions against discrimination were included, in 42 USC §12182(b)(2)(a)(iv), "A failure to remove architectural barriers, and communications barriers that are structural in nature, in existing facilities ... where such removal is 3dily achievable and (v) "where and entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through such methods are readily achievable." The acts of

Defendants set forth herein violated Plaintiffs rights under the "ADA," 42 USC 12181 et seq., and the regulations promulgated thereunder, 28 CFA Part 36, et seq.

30. The removal of the barriers complained of by Plaintiff as hereinabove alleged were at all times after 1990 "readily achievable." On information and belief, if the removal of all the barriers complained of here together were not removable, the removal of each individual barrier complained of herein was "readily achievable."

31. Per 42 USC §12181(9), "The term ·readily-achievable· means easily accomplishable and able to be carried out. The statute and attendant regulations define relative 'expense' in relation to the total financial resources of the entities involved, including any 'parent' companies. Plaintiff alleges that properly repairing each of the items that Plaintiff complains of herein is readily achievable, including, but not limited to, correcting and repairing the items set forth in the Paragraphs above. The changes needed to remove barriers to access for the disabled were and are readily achievable by the defendants under standards set forth under 42 USC §I2181 of the Americans with Disabilities Act of 1990. (Further, if it were not "readily achievable" for defendants to remove all such barriers, defendants have failed to make the required services available through alternative methods, although such methods are achievable as required by 42 USC §12181(b)(2)(a)(iv)(, v).)

**32.** Pursuant to the Americans with Disabilities Act of 1990, §308 (42 USC §12188 et seq.), Plaintiff is entitled to the remedies and procedures set forth in the Civil Rights Act of 1964 §204(a), (42 USC §2000a-3(a)), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title andlor Plaintiff has reasonable grounds for believing that he is about to be subjected to discrimination in violation of the Americans with Disabilities Act of 1990, §302. Plaintiff cannot return to or make use of the subject Business' public facilities complained of herein for the purpose of entry and provision of goods and service so long as Defendants continue to apply eligibility criteria, policies, practices that screen out and refuse to allow entry and service to persons with disabilities such as Plaintiff's.

**33.** Each of Defendants' acts and omissions of failing to provide barrier-free handicapped access for Plaintiff, were tantamount to interference, intimidation, and coercion pursuant to the

Americans with Disabilities Act of 1990 §503(b) (now 42 USC §12203): "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act."

34. Pursuant to the Americans with Disabilities Act of 1990 §308(a)(1) (now 42 USC §12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation for the purpose of dining. Therefore, Plaintiff seeks injunctive relief pursuant to §308(a)(2) "...Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modifications of a policy, or provision of alternative methods, to the extent required by this title."

35. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 USC §2000a-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including, but not limited to, an order granting injunctive relief and attorneys' fees. Such attorneys' fees, "including litigation expenses and costs," are further specifically provided for by §505 of Title Ill.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

II.SECOND CAUSE OF ACTION: BREACH OF STATUTORY PROTECTIONS FOR PERSONS WITH PHYSICAL DISABILITIES (California Health and Safety Code §19955 et seq.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 35 above and incorporates them herein as if separately pled.

37. California Health & Safety Code §19955 provides in pertinent part: "The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Tile 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public, and shall include auditoriums, hospitals, theaters, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

38. California Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code.. ." California Health and Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the subject Business building and facilities were constructed and/or altered after July 1, 1970, and substantial portions of said building and facilities had alterations, structural repairs, and/or additions made to such public accommodation after July 1, 1970, thereby requiring said public accommodations and/or buildings to be subject to the requirements of Part 5.5, California Health  Safety Code §19955, et seq., upon such alteration, structural repairs or additions per California Health and Safety Code §19955.

39. Pursuant to authority delegated by the California Government Code, the State Architect promulgated regulations for the enforcement of these Code provisions. Effective January 1, 1988, Title 24 of the California Administrative Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Business' facilities after that date. Construction changes occurring prior to this date but after July 1, 1970, triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1 -1961. On

information and belief, at the time of the construction modification and of the Business' building and facilities, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Administrative Code (now known as Title 24, California Code of Regulations.)

40. Public facilities such as the subject Business are public accommodations or facilities within the meaning of California Health and Safety Code §19955.

41. It is difficult or impossible for persons with physical disabilities who use wheelchairs, canes, walkers and service animals to travel about in public to use a store with the defects set forth above as required by Title 24 of the California Code of Regulations and the Americans with Disabilities Act Access Guidelines (ADAAG). Thus, when public accommodations fail to provide handicap accessible public facilities, persons with disabilities are unable to enter and use said facilities, and are denied full and equal access to and use of that facility that is enjoyed by other members of the general public.

42. Plaintiff, and other similarly situated persons with physical disabilities whose physical conditions require the use of wheelchairs, canes, walkers and service animals, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the California Health & Safety Code §19955, et seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of California Health & Safety Code §19955, et seq.

43. The California Health and Safety Code was enacted to "ensure that public accommodations and facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such "public accommodations" are defined to include stores like this one.

44. Plaintiff is further informed and believes that as of the date of filing this complaint, Defendants have not made accessible the facilities at the Business as set forth above.

45. Plaintiff, is informed and believes, and therefore alleges, that Defendants, and each of them, caused the subject buildings and facilities constituting the Business to be constructed, altered

and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said buildings and were denied full and equal use of said public facilities, and despite knowledge and actual and constructive notice to such Defendants that the configuration of the store, and/or buildings was in violation of the civil rights of persons with physical disabilities, such as Plaintiff. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Part 5.5, California Health & Safety Code §19955, et seq., and elsewhere in the laws of California.

46. On information and belief, the subject building constituting the public facilities of the Business have denied full and equal access to Plaintiff and other persons with physical disabilities in other respects due to non-compliance with requirements of Title 24 of the California Code of Regulations and the California Health & Safety Code §19955, el seq.

47. The basis of Plaintiff's aforementioned information and belief is the various means upon which Defendants must have acquired such knowledge, including, but not limited to, this lawsuit, other access lawsuits, communications with operators of other stores, and other property owners regarding denial access, communications with Plaintiff and other persons with disabilities, communications with other patrons who regularly visit there, communications with owners of other businesses, notices and advisories they obtained from governmental agencies through the mails, at seminars, posted bulletins, television, radio, public service announcements, or upon modification, improvement, alteration or substantial repair of the subject premises and other properties owned by these Defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990, and other access law, and other similar information. The scope and means of the knowledge of each defendant is within each defendant's exclusive control and cannot be ascertained except through discovery.

48. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his civil rights and enforce provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities, and to take such action both in his own interests and

in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks damages in this lawsuit for recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the California Code of Civil Procedure §l021.5. Plaintiff additionally seeks attorneys' fees pursuant to California Health & Safety Code §I9953 and California Civil Code §§54.3.

49. Defendants, and each of them, at times prior to and including the Visit Dates, and continuing to the present time, knew or should have known that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, or negligence with respect to such knowledge, Defendants failed and refused to take steps to comply with the applicable handicapped access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities, including the specific notices referred to in this Complaint. Defendants have failed and continue to fail to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants and each of them have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access, or have been negligent in their obligations under the law.

50. Defendants' actions have also been oppressive to persons with physical disabilities and to other members of the public, and have evidenced actual or implied malicious intent towards those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, Defendants' refusals on a day-to-day basis to correct these problems evidences despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

51. As a result of the actions and failure of Defendants, and each of them, and as a result of the failure to provide proper accessible public facilities, Plaintiff was denied his civil rights, including his right to full and equal access to public facilities, was embarrassed and humiliated, suffered psychological and mental injuries and emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger,

chagrin, disappointment and worry, naturally associated with a person with a physical disability being denied access to a public accommodation.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

III.     THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA'S CIVIL RIGHTS ACTS  (California Civil Code §§54, 54.1 and 54.3)

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 51 above and incorporates them herein as if separately pled.

53. The public facilities above-described constitute public facilities and public accommodations within the meaning of California Health and Safety Code §19955 et seq. and are facilities to which members of the public are invited. The aforementioned acts and omissions of defendants, and each of them, constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including Plaintiff. Said acts and omissions are also in violation of the provisions of Title 24 of the California Code of Regulations.

54. The rights of Plaintiff, the entitlement of Plaintiff to full and equal access, and the denial by defendants of such rights and entitlements are set forth in California Civil Code §§54, 54.1 and 54.3, to wit:

   a. Individuals with disabilities shall have the same right as the ...general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. (California Civil Code §54(a).)

   b. Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public

accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. (California Civil Code §54.1(a).)

55. On or about the Visit Dates, Plaintiff suffered violations of California Civil Code §§54 and 54.1 in that he was denied full and equal enjoyment of the goods, services, facilities and privileges of the Business as set forth in herein above. Plaintiff was also denied full and equal access to other particulars, including, but not limited to, those described herein above. Plaintiff was also denied use of facilities that he was entitled to under Title Ill of the Americans with Disabilities Act of 1990.

56. As a result of the denial of full and equal enjoyment of the goods, services, facilities and privileges of Defendants' Business due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining this subject Business as a public facility, Plaintiff has suffered a violation of his civil rights, including, but not limited to, rights under California Civil Code §§54, 54.1, and 54.3, and has suffered and will suffer an injury-in-fact in the form of emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a disabled person's denial of full and equal enjoyment of goods, services, and privileges, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff is disabled.

57. Plaintiff seeks statutory damages for the violation of his rights as a disabled person that occurred on or about the Visit Dates, according to proof, pursuant to California Civil Code §54.3.

58. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce provisions of the law protecting the full and equal enjoyment of goods, services, facilities, privileges of public facilities by the disabled, and those individuals associated with or accompanied by a person with disabilities, and prohibiting discrimination against the disabled. Plaintiff, therefore, seeks

---

recovery in this lawsuit for all reasonable attorneys' fees incurred pursuant to the provisions of California Civil Code §51, 52, and 54. (California Civil Code §55 is specifically not invoked.) Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to compel the Defendants to make their goods, services, facilities and privileges available and accessible to all members of the public with physical disabilities, justifying public interest attorneys' fees pursuant to the provisions of California Code of Civil Procedure §1021.5.

59. The acts and omissions of Defendants in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the Americans with Disabilities Act of 1990 and refusal to make remedial alterations to their facilities and other elements as hereinabove stated, after being notified by patrons before and after the time of Plaintiff's visit and injuries, on or about the Visit Dates, and all times prior thereto, with the knowledge that persons with disabilities would enter Defendants' premises, the reason given therefor, was an established policy, practice, and procedure of refusing and denying entry and/or use of facilities, thereby denying services to a person with disabilities and the companions thereor, evidence malice and oppression toward Plaintiff and other disabled persons.

60. Plaintiff seeks injunctive relief pursuant to California Civil Code §54 and Health and Safety Code §19953 et seq. to require Defendants to comply with federal and state access regulations.

61. Defendants have failed to establish a non-discriminatory criteria, policy, practice and procedure for entry into said Business as hereinabove described.

62. As a result of defendants' continuing failure to provide for the full and equal enjoyment of goods, services, facilities and privileges of said Business as hereinabove described, Plaintiff has continually been denied his full and equal enjoyment of the subject store facilities at the Business, as it would be a "futile gesture to attempt to patronize" said Business with the discriminatory policy in place as hereinabove described.

63. The acts and omissions of Defendants as complained of herein in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the Americans with Disabilities Act of 1990 and refusal to make remedial modifications and

alterations to the architectural barriers as stated herein and in failing to establish practices, policies and procedures to allow safe access by persons who are disabled are continuing on a day-to-day basis to have the effect of wrongfully and willfully excluding Plaintiff and other members of the public who are disabled from full and equal enjoyment of the subject Business as hereinabove described. Such acts and omissions are the continuing cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is disabled. Plaintiff is unable so long as such acts and omissions of defendants continue, to achieve full and equal enjoyment of the goods and services of said Business as described hereinabove. The acts of Defendants have legally caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

64. Wherefore, Plaintiff asks this court to preliminarily and permanently any continuing refusal by Defendants to permit entry to said Business and to serve Plaintiff or others similarly situated, and to require Defendants to comply forthwith with the applicable statutory requirements relating to the full and equal enjoyment of goods and services as described hereinabove for disabled persons. Plaintiff further requests that the court award statutory costs and attorneys' fees to Plaintiff pursuant to California Code of Civil Procedure §I021.5, all as hereinafter prayed for.

WHEREFORE, Plaintiff prays for statutory damages, reasonable attorneys' fees and costs of suit, as allowed by statute and according to proof.

## IV.    FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT (California Civil Code §51 and §51.5.)

65. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 to 64 above and incorporates them herein as if separately pled.

Complaint for damages and injunctive relief

66. Defendant' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of his disabilities, have been in violation of California Civil Code §§51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

67. California Civil Code §51 also provides that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

68. California Civil Code §51.5 also provides that "[no business establishment of any kind whatsoever shall discriminate against, boycott, or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers."

69. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code §52, consisting of statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof. California Civil Code §55 is specifically <u>not</u> invoked by plaintiff.

70. Pursuant to California Code of Civil Procedure §425.50: (a) this complaint is NOT filed on behalf of a high-frequency litigant, as defined; (b) 8; (c) shopping and dining in the Sonoma, CA area; (d) to buy food and drink items from this store.

71. WHEREFORE, Plaintiff prays that this court award statutory damages and provide relief as follows:

PRAYER FOR RELIEF

Plaintiff prays that this court award statutory damages and provide relief as follows:

1.  Grant injunctive relief requiring that Defendants establish a nondiscriminatory criteria policy, practice and procedure permitting entry into the subject Business in

Complaint for damages and injunctive relief

the City of Sonoma, California, for the purpose of obtaining the goods and services accorded therein according to California Civil Code §§51, 51.5, 52, 54, 54.1, and 54.3, California Health and Safety Code §19953 et seq., and Title Ill of the Americans with Disabilities Act of 1990, and grant injunctive relief requiring that Defendants repair and render safe to disabled persons, and otherwise make accessible, all public areas of the Business' store, including, but not limited to, each of the barriers to access identified above, and make such facilities "readily accessible to and usable" by individuals with disabilities according to the standards of Title 24 of the California Administrative Code, California Health & Safety Code §19955 et seq., and Title Ill of the Americans with Disabilities Act of 1990 and the standards of ADAAG; and prohibiting operation of the Business located in the City of Sonoma, California, as a public facility until Defendants provide full and equal enjoyment of goods and  services as described hereinabove to disabled persons, including Plaintiff.

2.  Statutory damages, according to proof, pursuant to California Civil Code §52, and statutory damages, according to proof, pursuant to California Civil Code §54.3. Plaintiff acknowledges that statutory damages cannot be claimed under both the Unruh Act and the California Disabled Persons Act; he will make an election before or at trial in this respect.

3.  Prejudgment interest on all damages to the extent permitted by law;

4.  Remedies and Procedures available under Americans with Disabilities Act of 1990, including but not limited to §§I 07,203 and 308.

5.  Award Plaintiff all litigation expenses, all costs of this proceeding and a reasonable attorneys' fees as provided by law, including, but not limited to, those recoverable pursuant to the provisions of California Civil Code §§52 and 54.3, California Code of Civil Procedure §1021.5, and Americans with Disabilities Act of 1990 5308 of Title Ill; and

6.  Grant such other and further relief as the court may deem just and proper.


/s/ Richard A. Mac Bride

Richard A. Mac Bride, Attorney for Plaintiff

Date: February 5, 2024

1

2
REQUEST FOR JURY TRIAL

3

4
Plaintiff hereby requests a jury for all claims for which a jury is permitted.

5
/s/ Richard A. Mac Bride

6
Richard A. Mac Bride, Attorney for Plaintiff

7
Date: February 5, 2024

8

9

10
VERIFICATION

11
I, Oscar Ramos, plaintiff herein, hereby swear under penalty of perjury under the laws of the State

12
of California as follows: I am familiar with the contents of this complaint and verify that the facts

13
alleged are true and correct according to my personal knowledge, except as to those matters that are

14
pled on information and belief, and as to those matters, I have reason to believe that they are true.

15

16
/s/ Oscar Ramos

17
Oscar Ramos

18
Date: February 5, 2024

19

20

21

22

23

24

25

26

27

28

Complaint for damages and injunctive relief

-22-